# UNITED STATES CIRCUIT COURT.

In the matter of HENRY SCHWARTZ, bankrupt.

*Bankruptcy — stay of suit brought in state court after filing of petition.*

The bankrupt is entitled, until the question of his discharge is settled, to be protected by the court in bankruptcy, except in the cases specified in the bankrupt law. That the creditors have not proved their claim in the bankruptcy does not affect the question. Section 5106 of the Revised Statutes relates to debts provable, which, of course, includes those which have not been proved.

Where a claim originates in contract, although fraudulently induced, and is prosecuted in an action sounding in damages, it continues to constitute a provable debt, even though the fraud must be proved to entitle the plaintiff to a recovery.

THE bankrupt having filed a voluntary petition, Rothschild & Heyman, creditors, brought an action in the common pleas, seeking to recover a debt alleged to be fraudulently contracted. The complaint was based on the alleged fraud. On application of the bankrupt, the district court stayed the proceedings until the question of the discharge should be determined. A motion was then made to vacate the stay, which being denied, such decision was brought up for review to the circuit court. The counsel for petitioner contended that section 5106 did not apply to his case, as the claim in suit was one which could not be discharged in bankruptcy, and that under the pleadings the plaintiff must either prove the fraud or not recover

*A. Blumensteil,* for bankrupt.

*A. R. Dyett,* for creditor.

JOHNSON, *J.* — On the 4th of March, 1876, the district court decided an application made by the petitioners to vacate a stay of proceedings in a suit in a state court against the bankrupt, brought by them, and which had been stayed by an *ex parte* order of the district court on the 14th of February, 1876. The petitioners now apply to have this order of March 4, 1876, reversed, upon review in this court. The question involved the construction of section 5106 of the Revised Statutes. This section enacts " that no creditor, whose debt is provable, shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined."

It is contended, on the part of the petitioners, that, notwithstanding the generality of the language employed, which embraces every provable debt, it ought to be construed not to include any debt which, under the provisions of section 5117 of the Revised Statutes, would not be discharged, even though the bankrupt should obtain the statutory discharge. Debts of this class are designated in that section as those created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary capacity.

They further insist that the demand upon which this suit is brought against the bankrupt is not a provable debt. This latter proposition cannot, in my judgment, be maintained. Their statements of their own case shows that the claim originated in what, in form at least, was a contract for the purchase by the bankrupt, and the sale by them to him, of merchandise in the line of his business. The fact that he is charged with having fraudulently induced the petitioners to make the sale by false representations of his pecuniary affairs, does not exclude the claim from the class of provable debts. It is still the price that is claimed, under the name of damages, for the fraud. Even if their complaint in the state court is so framed that they cannot recover unless they prove

the fraud, according to the law of the state, it does not cease to be, in the language of the bankrupt act, a debt created by the fraud of the bankrupt. Had the· action of the petitioners taken the form of an action for the recovery of the specific merchandise sold, founded upon a complete rescission of the contract, a different question would have been presented.

Where a claim originates in contracts, although fraudulently induced, and is prosecuted in an action sounding in damages, it continues to constitute a provable debt, even though the fraud must be proved to entitle the plaintiff to a recovery.

The question to be determined in this case is, therefore, the general one, whether, the debt being provable, the creditor is at liberty to proceed, upon the ground that debts which cannot be discharged are impliedly excepted from the provision of section 5106? This question has been fully discussed in several cases in the district courts (*In re Rosenberg*, 3 *Benedict*, 14; *In re Ghirardelli*, 1 *Sawyer*, 343). I concur entirely in the views presented by judge BLATCHFORD in the opinion in the first of the cases cited. The bankrupt is entitled, until the question of his discharge is settled, to be protected by the court in bankruptcy, except in the cases specified in the bankrupt law. That the creditors have not proved their claim in the bankruptcy does not affect the question. The section relates to debts provable, which, of course, includes those which have not been proved.

As the application of the petitioners to vacate the stay of proceedings followed so closely the granting of the stay, there cannot have been at that time any unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge. The adjudication of the defendant to be a bankrupt on his voluntary application was in December, 1875; his assignee was appointed February 10, 1876, and the application for a stay of proceedings immediately followed, as before stated. On this review the decision must have relation to the facts upon which the district court acted.

The order under review must be affirmed, and the clerk will certify to the district court that the order of that court in this matter, made March 4, 1876, refusing the application of the petitioners to vacate the stay of proceedings and injunction granted on the 14th of February, 1876, is affirmed.